UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT GRAHAM,

                                            Plaintiff,                        3:24-cv-495
                                                                                     (ECC/ML)

v.

DELAWARE-CHENANGO-MADISON-
OTSEGO BOARD OF COOPERATIVE
EDUCATIONAL SERVICES and
DELAWARE-CHENANGO-MADISON-
OTSEGO BOARD OF COOPERATIVE
EDUCATIONAL SERVICES BOARD OF
EDUCATION,

                                            Defendants.
_____

Carlo Alexandre C. de Oliveira, Esq., *for Plaintiff*
Charles C. Spagnoli, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Currently pending before the Court is Plaintiff's motion to stay the enforcement of United States Magistrate Judge Miroslav Lovric's April 1, 2025 Text Order concerning discovery and case management matters, pending Plaintiff's appeal. Dkt. No. 55. For the following reasons, Plaintiff's motion in granted in part, and denied in part.

**I.      Relevant Procedural History**

Plaintiff commenced this action against Defendants on April 10, 2024, alleging employment discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA), and Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 794, *et seq.* (Rehabilitation Act). Complaint (Compl.), Dkt. No. 1. Defendants filed an Answer to the Complaint on June 7, 2024. Dkt. No. 6.

On March 20, 2025, Defendants requested a conference with Judge Lovric concerning their demand for authorizations to obtain Plaintiff's employment records from his prior and current employers for ten years (the authorizations). Dkt. No. 40. Plaintiff filed a letter brief in response, Dkt. No. 43, and Defendants filed a reply, Dkt. No. 44. On April 1, 2025, Judge Lovric held a discovery hearing, Text Minute Entry filed April 1, 2025, and then issued a Text Order, the relevant portion of which states:

> (2) Defendants['] motion . . . seeking an order from the Court directing Plaintiff to provide signed authorizations for release of employment records, is granted; (3) no later than 4/8/2025, Plaintiff is directed to provide to Defendants signed authorizations permitting Defendants to obtain employment records, as set forth at the 4/1/2025 Hearing; (4) Plaintiff has waived any objections to provide signed authorizations for employment records, in that, Plaintiff failed to timely and properly object to such discovery demands; (5) employment records of Plaintiff are, (a) relevant to this litigation, the claims, and defenses, (b) will lead to other relevant information, and (c) are not burdensome as to production to Plaintiff since they will be obtained from non-party entities; (6) Defendants request to file an amended answer is granted, in that, (a) good cause has been shown for seeking to file an amended answer at this stage in the litigation, (b) good cause exists to allow Defendants to file such amended pleading, (c) there has been no delay on part of Defendants, (d) the request is made in good faith and not for purposes of delay, and (e) Plaintiff will not be prejudiced given that the Court is amenable to extending all deadlines and schedules in this matter; (7) Defendants shall file their amended answer by 4/8/2025[.]

Dkt. No. 47.

After the hearing, Plaintiff asked Judge Lovric to stay pending appeal the portion of the Text Order (1) granting Defendants' requests for the authorizations, and (2) permitting Defendants to file an Amended Answer asserting an after-acquired evidence defense. *Id.* On April 2, 2025, Judge Lovric denied Plaintiff's request for a stay, without prejudice to seeking a stay from the district judge reviewing Plaintiff's appeal. Dkt. No. 50. On the same day, Defendants filed an Amended Answer. Dkt. No. 48.

Plaintiff has since filed an appeal from the Text Order raising the previously noted objections, as well as a motion to stay enforcement of the appealed portions of the Text Order pending a decision on the appeal. Dkt. Nos. 52, 55. On April 4, 2025, the Court held Plaintiff's deadline to serve Defendants with the authorizations in abeyance until further order from the Court. Dkt. No. 56.

## II.     Legal Standard

In deciding whether to grant a stay of an order or proceeding pending appeal, courts consider four factors: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Doe v. Zucker*, No. 1:17-cv-1005(GTS/CFH), 2021 WL 3046744, at *2 (N.D.N.Y. July 20, 2021) (quoting *United States v. Grote*, 961 F.3d 105, 122-23 (2d Cir. 2020)). "This standard applies equally to a request for a stay pending resolution of objections to a magistrate judge's discovery ruling." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19 Civ. 9193, 2023 WL 5498962, at *4 (S.D.N.Y. Aug. 25, 2023) (citation omitted). The Second Circuit evaluates these factors on a sliding scale, finding that "[t]he necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (quotations omitted). "A stay is not a matter of right . . . but an exercise of judicial discretion . . dependent on the circumstances of the particular case." *Niken v. Holder*, 556 U.S. 418, 433 (2009) (quotations and citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

### III. Analysis

#### A. Amended Answer

Plaintiff's request to stay the portion of the Text Order authorizing Defendants to file an Amended Answer is denied as moot because the Amended Answer has already been filed. If Plaintiff is successful on appeal, an appropriate remedy may be ordered at that time.

#### B. Authorizations for Employment Records

Plaintiff's request to stay the portion of the Text Order granting Defendants' request for the authorizations is granted pending a decision on the appeal.

##### 1. Likelihood of Success on the Merits

The "deferential" standard of review provides that a magistrate judge's decision may be reconsidered only where it is "clearly erroneous or contrary to law." *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (quoting 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "A decision is clearly erroneous where 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Collymore v. City of New York*, No. 16-cv-8270, 2021 WL 2269538, at *1 (S.D.N.Y. June 3, 2021) (quoting *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (citation omitted)). "An order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id*. (quoting *Knitting Fever, Inc. v. Coats Holding Ltd.*, No. 05-cv-1065, 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal quotation marks and citation omitted)).

Judge Lovric's decision that Defendants are entitled to the authorizations was based on his conclusion that (1) Plaintiff's prior and current employment records are relevant to this action because (a) Plaintiff listed his prior employment in his Complaint and (b) Defendants established

4

relevance based on the after-acquired evidence defense; and (2) Plaintiff waived any objections to the related demands.

Plaintiff is likely to succeed on the merits of his appeal concerning the relevancy issue. Although the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," F. R. Civ. P. 26(b)(1), in employment discrimination cases, wholesale disclosure of a plaintiff's employment history is not "proportional to the needs of the case" absent some additional showing of relevance. *Walker v. H & M Henner & Mauritz, L.P.*, No. 16 Civ. 3818, 2016 WL 4742334, at *2 (S.D.N.Y. Sept. 12, 2016); *see also Taylor v. Metro. Transp. Auth.*, No. 18-cv-1278, 2019 U.S. Dist. LEXIS 110562, at *7 (S.D.N.Y. July 2, 2019) ("Defendants' request for all of Plaintiff's personnel records is quite broad and would implicate both privacy and logistical concerns[,]" absent a non-speculative justification for their disclosure); *Henry v. Morgan's Hotel Group, Inc.*, 15-CV-1789, 2016 WL 303114 at *3 (S.D.N.Y. Jan. 25, 2016) (rejecting Defendants' speculative basis to support subpoenas for records from prior employers).

This caselaw does not support permitting unlimited discovery into a plaintiff's employment history based solely on representations of prior successful employment, much less passive references to prior employment in the Complaint.[1]  *See Henry v. Morgan's Hotel Grp., Inc.*, No.

---

[1] This case is distinguishable from *Ghonda v. Time Warner Cable, Inc.*, No. 16-cv-2610, 2017 WL 395111 (E.D.N.Y. Jan. 27, 2017), the only case relied on by Defendants concerning this issue. Plaintiff Ghonda filed a complaint about a hostile work environment at her previous employer, Comcast.  She alleged that a co-worker at defendant Time Warner, who was a former co-worker at Comcast, "b[ore] a grudge against [her], which he brought to the Time Warner workplace." *Ghonda*, 2017 WL 395111, at *1.  Based on the specific, independent evidence that provided a reasonable basis for the third-party discovery sought, the Court held that Time Warner could subpoena Ghonda's employment records from Comcast for "relevant information which they have a reasonable basis to expect exists." *Id.* at *4.  The court in *Ghonda* specifically observed that "defendants are not seeking to conduct a fishing expedition in the hopes of uncovering some potentially damaging information against their former employee." *Id.* at *3.  Here, Defendants

15-cv-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (Defendant not entitled to prior employment records based on "wholesale speculation that [Plaintiff] was untruthful about some of the events of his prior employment," and because Defendants "strongly suspect[]" that plaintiff's representation that he was previously an "exceptional waiter" was false); *Vuona v. Merrill Lynch & Co.*, 2011 U.S. Dist. LEXIS 131491, at *23 (S.D.N.Y. Nov. 11, 2011) ("The Court is completely unconvinced [that plaintiff's records from prior employers] are relevant to this dispute," despite defendant's argument that plaintiffs "injected their prior job performance into the case, by asserting they were successful at other financial institutions[.]"); *Peddy v. L'Oreal USA Inc.*, No. 18-cv-7499, 2019 U.S. Dist. LEXIS 140994, at *4 (S.D.N.Y. Aug. 20, 2019) (inconsistencies between plaintiff's statements concerning the dates of her prior employment and her LinkedIn profile did not warrant disclosure of prior employment records).

Regarding the after-acquired evidence defense, the Supreme Court has recognized that the "concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims" is "not insubstantial," but that most abuses can be deterred by "the authority of the courts to award attorneys' fees . . . and to invoke the appropriate provisions of the Federal Rules of Civil Procedure." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 363 (1995). Accordingly, "an after-acquired evidence defense will support a targeted inquiry into the plaintiff's prior employment records when the defendant comes forward with some reason to believe that the inquiry will reveal evidence of terminable misconduct, but not otherwise." *Orlando v. Kraft Heinz Co.*, No. 3:22-cv-01636, 2024

---

have made no such showing of an independent basis, and the mere recitation of Plaintiff's prior positions of employment in his Complaint does not entitle Defendants to unfettered disclosure of Plaintiff's prior and current employment records.

WL 552779, at *4 (D. Conn. Feb. 9, 2024). *Compare Chamberlain v. Farmington Sav. Bank,* No. 3:06-cv-01437, 2007 WL 2786421, at *3 (D. Conn. Sept. 25, 2007) (no entitlement when a defendant offers "[no] evidence to suggest that the plaintiff may have misrepresented information" and fails to provide "any statements made by the plaintiff during his deposition or in response to interrogatories"); *Bernstein v. Mafcote*, No. 3:12-cv-311, 2014 WL 3579494, at *3 (D. Conn. July 21, 2014) (denying discovery into plaintiff's prior employment records when the only evidence of misconduct was an allegation that he had lied in an unrelated deposition); A*ddona v. Parker Hannifin Corp.*, No. 3:13-cv-1616, 2014 WL 788946, at *2 (D. Conn. Feb. 25, 2014) (defendant "[fell] short of a sufficient basis to warrant discovery" when its only reason for believing plaintiff had lied on his employment application was that he claimed to have left his last employer to "seek other opportunities" but took a job with half the pay a few months later); *with Padilla v. Sacks & Sacks, LLP*, No. 19-cv-10021, 2021 WL 4429785, at *3 (S.D.N.Y. Sept. 27, 2021) (declining to quash subpoena seeking records from a law firm where defendant learned through discovery that plaintiff had not actually worked for that law firm, and plaintiff provided that law firm as a prior employer on her job application).

Here, Plaintiff testified at his 50-h hearing that when he told Norwich City School District (Norwich) that he had interviewed with Defendants, Norwich "said okay, so we're going to part ways. You can resign. So it was a, it was mutual." Dkt. No. 43 at 5. Plaintiff presumably completed his employment application before the interview, and there is no evidence that either of the events offered to support the after-acquired evidence defense—Norwich's request that he resign or the execution of the Separation Agreement—occurred before Plaintiff submitted his employment application to Defendants. On the current record, it is therefore unclear how those events suggest that Plaintiff lied to Defendants in his employment application, and Plaintiff is

therefore likely to succeed on the merits of his appeal as to the relevancy issue. Of course, future discovery, including Plaintiff's deposition testimony, could reveal additional evidence providing a proper basis to seek such records.

Plaintiff is also likely to succeed on the merits of his appeal as to the waiver issue. "[B]y failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available." *Sanchez v. Aircraft Finishing Corp.*, No. 21-cv-02309, 2022 WL 4121391, at *2 (E.D.N.Y. Sept. 9, 2022) (listing cases). However, courts exercise substantial discretion in deciding whether objections should be waived, based on the totality of the circumstances. *Murphy v. City of Elmira*, No. 18-cv-6572, 2023 WL 2867781, at *2 (W.D.N.Y. Apr. 10, 2023) (listing cases); *see also Cohalan v. Genie Indus., Inc.,* 276 F.R.D. 161, 164 (S.D.N.Y. 2011) ("Generally, courts will only impose waivers for tardiness under three conditions: (1) where there is no showing of good cause for the late response, (2) where a party has not responded to discovery requests despite court intervention, or (3) where a party has failed entirely to respond.").

Here, Plaintiff maintains that his response to the demand for authorizations was not served on Defendants within the applicable deadline due to an administrative oversight. Dkt. No. 43 at 7. Defendants eventually emailed Plaintiff to follow up on the status of the response, and Plaintiff emailed the response the next day. Dkt. No. 40 at 2. Given these facts, and the questionable propriety of the demands in the first place, Plaintiff is likely to succeed on this portion of his appeal. *See Murphy v. City of Elmira*, No. 18-cv-6572, 2022 WL 4121380, at *4 (W.D.N.Y. Sept. 9, 2022) (citing *Williams v. Krieger*, 61 F.R.D. 142, 145 (S.D.N.Y. 1973) ("defendant did not waive objections to palpably improper interrogatories despite failure to timely respond")); *Arnold v. Indep. Health Ass'n, Inc.*, No. 17-cv-1260, 2019 WL 3955420 (W.D.N.Y. 2019) ("waiver of

8

[plaintiff's] objections does not otherwise excuse this [c]ourt from its obligations to manage discovery in this case . . . including limiting its scope as appropriate") (quotation omitted).

For all of the above reasons, this factor weighs in favor of granting a stay.

### 2. Irreparable Harm

Plaintiff argues that he will be irreparably harmed if the Court does not stay the enforcement of the Text Order, because "the point of the . . . stay is to stop [D]efendants from obtaining employment records before a potential ruling that [they] are not entitled to such records." Dkt. No. 55-1 at 3. This is not persuasive, because any risk of unauthorized use of disclosed materials could be addressed by a protective order. *See In re Hansainvest Hanseatische Inv.-GmbH*, No. 18-MC-310, 2019 WL 5939860, at *3 (S.D.N.Y. Oct. 4, 2019) (noting in the context of a 28 U.S.C. § 1782 proceeding that "[t]he mere fact that information, once disclosed, cannot be 'undisclosed' is . . . not enough by itself to warrant a finding of irreparable harm," and that "protective orders are feasible safeguards to prevent unauthorized and malicious use of any disclosed materials") (citations omitted).

Plaintiff also argues that the disclosure of his current and former employment records raises the potential for harassment or reputational injury. Dkt. No. 61. In denying similar requests for discovery, courts regularly cite to such risks of harm as a factor in their determination. *See Peddy v. L'Oreal USA Inc.*, No. 18-cv-7499, 2019 U.S. Dist. LEXIS 140994, at *7 (S.D.N.Y. Aug. 20, 2019) (discussing how service of requests for documents on former employers in the same industry in which plaintiff continued to work caused harm to her future employability, and recognizing plaintiff's protectible interest in these records); *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-cv-1789, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (finding that plaintiff would be prejudiced by the issuance of document requests to three former employers, noting "the Court would hardly

9

be surprised that, if Defendant (or any other establishment) knew that an applicant for employment had brought a lawsuit against another restaurant for discrimination, it might take that into account in the hiring process"); *Gambale v. Deutsche Bank AG*, No. 02-cv-4791, 2003 WL 115221, at *2 (S.D.N.Y. Jan. 10, 2003).  On balance, this factor weighs in favor of granting a stay.

### 3. Substantial Injury to Interested Parties

Plaintiff argues that Defendants will not be injured if a stay is granted, and Defendants do not oppose this argument. *See* Dkt. Nos. 55-1 at 5-6, 58. Even if Plaintiff is not successful on the merits of his appeal, Defendants will obtain the subject employment records, and this litigation can proceed accordingly. Although Judge Lovric recently extended discovery deadlines based, in part, on Defendants' representation that they need the subject employment records before conducting Plaintiff's deposition, Dkt. Nos. 57, 60, it is unclear why Defendants cannot and should not proceed with Plaintiff's deposition, notwithstanding the pending appeal. Accordingly, this factor weighs in favor of granting a stay.

### 4. Public Interest

Plaintiff argues that the public interest lies in preserving his protectible interest in his employment records. Dkt. No. 55-1 at 5. Defendants do not address this factor. *See* Dkt. No. 58. There is a public interest in preventing employers from engaging in abusive or harassing discovery tactics meant to deter individuals from asserting employment discrimination or retaliation claims. There is also a public interest in the efficient resolution of claims by the judiciary. However, the time until Plaintiff's appeal will be decided is unlikely to be long. Moreover, it is important to note that staying the enforcement of this limited portion of the Text Order—disclosure of employment authorizations—does not serve to stay discovery in general. As previously discussed,

the Court expects the parties to otherwise proceed in litigating this action and meet the governing deadlines. Based on the foregoing, this factor weighs in favor of granting a stay.

IV.   **Conclusion**

For all of the reasons set forth above, it is

**ORDERED** that Plaintiff's motion to stay the enforcement of the Text Order, Dkt. No. 55, is **GRANTED in part and DENIED in part;** and it is further

**ORDERED** that Plaintiff's motion to stay the enforcement of the Text Order, Dkt. No. 55, is **GRANTED** in that Plaintiff's deadline to serve Defendants with authorizations for prior and current employment records is stayed pending the Court's resolution of Plaintiff's appeal, and it is further

**ORDERED** that Plaintiff's motion to stay the enforcement of the Text Order, Dkt. No. 55, is in all other respects is **DENIED.**

Dated: April 22, 2025

_____
Elizabeth C. Coombe
U.S. District Judge